UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BENJAMIN ST. PIERRE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 21-469** |
| **UP EQUIP INC. ET AL.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Defendant Easy Lift SRL's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 16). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Plaintiff Benjamin St. Pierre alleges that he was injured when a manlift in which he was working suddenly turned over and dropped him to the ground. Plaintiff alleges that the equipment was defective in design or manufacture and did not perform as warranted. He brings suit against the seller of the manlift, Utilisation Professionelle Inc. ("UP Equip"), a Canadian entity, and its manufacturer, Easy Lift SRL ("Easy Lift"), an Italian entity. In the instant

1

Motion, Easy Lift argues that this Court lacks personal jurisdiction over it. Plaintiff opposes.

## **LEGAL STANDARD**

When a non-resident defendant challenges the court's personal jurisdiction, "the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists."[1] When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in this case, the plaintiff need only make a prima facie showing of personal jurisdiction.[2] "The allegations of the complaint, except insofar as controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be resolved in favor of the plaintiff[] for purposes of determining whether a prima facie case for personal jurisdiction has been established."[3] "In determining whether personal jurisdiction exists, the trial court is not restricted to a review of the plaintiff's pleadings."[4] The court may consider matters outside the complaint, including affidavits, interrogatories, depositions, or any combination of the recognized methods of discovery.[5]

Jurisdiction over a non-resident defendant is proper when (1) the defendant is amenable to service of process under the long-arm statute of the

---

[1] Luv N' Care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006) (citing Wyatt v. Kaplan, 686 F.2d 276, 280 (5th Cir. 1982)).
[2] Guidry v. U.S. Tobacco, Co., 188 F.3d 619, 625 (5th Cir. 1999).
[3] Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1165 (5th Cir. 1985) (citing DeMelo v. Toche Marine, Inc., 711 F.2d 1260, 1270 (5th Cir. 1983)).
[4] Jobe v. ATR Mktg., Inc., 87 F.3d 751, 753 (5th Cir. 1996).
[5] *Id.* (citing Colwell Realty Invs. v. Triple T. Inns of Ariz., 785 F.2d 1330 (5th Cir. 1986)).

forum state and (2) the exercise of personal jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment.[6] In the instant case, "these two inquiries merge into one because Louisiana's long-arm statute permits service of process coterminous with the scope of the due process clause."[7]

"The Due Process Clause of the Fourteenth Amendment protects a corporation, as it does an individual, against being made subject to the binding judgments of a forum with which it has established no meaningful 'contacts, ties, or relations.'"[8] A court may exercise personal jurisdiction over a non-resident defendant when (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice."[9]

"Minimum contacts" can be established through specific jurisdiction or general jurisdiction.[10] Specific personal jurisdiction exists (1) when a defendant has purposely directed its activities, or availed itself of the privileges of conducting its activities, toward the forum state; (2) the controversy arises out of or is related to those activities; and (3) the exercise of jurisdiction is fair, just, and reasonable.[11] General personal jurisdiction exists when the defendant

---

[6] Dalton v. R&W Marine, Inc., 897 F.2d 1359, 1361 (5th Cir. 1990).
[7] Asarco, Inc. v. Glenara, Ltd., 912 F.2d 784, 786(5th Cir.1990); *see also* LA. REV. STAT. § 13:3201.
[8] Pervasive Software Inc. v. Lexware GMBH & Co. KG, 688 F.2d 214, 220 (5th Cir. 2012) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945)).
[9] Latshaw v. Johnston, 167 F.3d 208, 211 (5th Cir. 1999) (quoting *Int'l Shoe*, 326 U.S. at 316)).
[10] Alpine View Co. v. Atlas Copco AB, 205 F.3d 208, 215 (5th Cir. 2000).
[11] Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985).

has engaged in continuous and systematic activities in the forum state, regardless of whether such activity is related to the plaintiff's cause of action.[12]

"If a nonresident defendant has sufficient related or unrelated minimum contacts with the forum, we must then consider whether the 'fairness' prong of the jurisdictional inquiry is satisfied."[13] The fairness inquiry is determined by analyzing several factors: (1) the burden upon the nonresident defendant of litigating in the forum state; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) the judicial system's interest in obtaining an efficient resolution of controversies; and (5) the shared interest of the states in furthering fundamental substantive social policies.[14]

## **LAW AND ANALYSIS**

Plaintiff argues that this Court has personal jurisdiction over Easy Lift under a specific jurisdiction analysis. For the Court to exercise specific personal jurisdiction over Easy Lift, Plaintiff must prove that (1) Easy Lift has purposefully directed contacts with Louisiana; (2) Plaintiff's claim against Easy Lift arises out of those contacts; and (3) the exercise of jurisdiction is fair and reasonable.[15] In an effort to meet its burden, Plaintiff relies on the "stream of commerce" theory of personal jurisdiction.[16] In order to exercise jurisdiction

---

[12] Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984).
[13] Wilson v. Belin, 20 F.3d 644, 647 (5th Cir. 1994) (citing Asahi Metal Indus. Co. v. Superior Ct., 480 U.S. 102, 105 (1987)).
[14] Bullion v. Gillespie, 895 F.2d 213, 216 n.5 (5th Cir. 1990) (internal citations omitted).
[15] Ainsworth v. Moffett Eng'g, Ltd., 716 F.3d 174, 177 (5th Cir. 2013).
[16] The "stream of commerce" theory of personal jurisdiction is the appropriate inquiry in cases, such as this one, which involve "a product sold or manufactured by a foreign defendant." *Id.*

4

under this theory, the proponent of jurisdiction must prove that the defendant placed a product into the stream of commerce with the expectation that the product would be purchased by consumers in the forum state.[17] Further, Plaintiff must clearly establish that the product actually arrived in Louisiana while it was still in the stream of commerce.[18]

Here, the manlift at issue was manufactured by Easy Lift in Italy. Plaintiff purchased it from Easy Lift's distributor in Canada, UP Equip, in 2019. The manlift was delivered to Plaintiff in Louisiana for use in his business as an arborist. The accident at issue occurred in Louisiana. Plaintiff presents evidence that UP Equip is Easy Lift's dealer for all of North America. In addition to UP Equip in Canada, Easy Lift's website shows that it also has a distributor in the United States.[19] Plaintiff presents evidence that, in 2021, UP Equip represented Easy Lift at a trade show in Las Vegas demonstrating Easy Lift's manlift platforms. Plaintiff also presents evidence that five Easy Lift manlift units were sold in Louisiana between 2016 and 2020.

In considering whether these facts are sufficient to exercise personal jurisdiction over Easy Lift, the Court finds the Fifth Circuit's opinion in *Ainsworth v. Moffett Engineering, Ltd.* instructive.[20] There, the Mississippi district court considered whether it had jurisdiction over the manufacturer of an allegedly defective forklift in a product liability and wrongful death action.[21]

---

[17] *Id.*
[18] *Id.*
[19] Although Easy Lift contends it has no distributors in the United States, factual disputes must be resolved in favor of the plaintiff in the evaluation of personal jurisdiction. *Id.* at 176.
[20] *Id.* at 177.
[21] *Id.*

The forklift was manufactured by Moffett Engineering, Ltd. in Ireland.[22] The decedent's Mississippi-based employer purchased the forklift from Moffett's distributor, Cargotec, a Delaware corporation with its principal place of business in Ohio.[23] The Fifth Circuit affirmed the district court's holding that it had personal jurisdiction over Moffett under a stream of commerce theory.[24] The court noted that under the stream of commerce test, "mere foreseeability or awareness [is] a constitutionally sufficient basis for personal jurisdiction if the defendant's product made its way into the forum state while still in the stream of commerce."[25] It explained that "[t]he facts in the record establish that Moffett could have 'reasonably anticipated' being haled into court in Mississippi. Cargotec sells or markets Moffett products in all fifty states, and Moffett makes no attempt to limit the territory in which Cargotec sells its products."[26]

    Here too, Easy Lift was aware that UP Equip sold and marketed its product in the United States and Louisiana. It was therefore foreseeable that Easy Lift might be haled into court here. Easy Lift's contacts with the forum state were more than "random, fortuitous, or attenuated" and did not result from the unilateral activity of a third party.[27] Easy Lift had "actual knowledge and expectation" that its allegedly defective product was being sold in and

---

[22] *Id.*
[23] *Id.*
[24] *Id.* at 179.
[25] *Id.*
[26] *Id.*
[27] *Id.*

6

delivered to Louisiana.[28] Accordingly, Plaintiff has carried his burden to show that this Court can assert personal jurisdiction over Easy Lift.

## **CONCLUSION**

For the foregoing reasons, the Motion is **DENIED**.

New Orleans, Louisiana this 10th day of May, 2022.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[28] *See* Boat Serv. of Galveston, Inc. v. NRE Power Sys., Inc., 429 F. Supp. 3d 261, 270 (E.D. La. 2019).